IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TINA HERNANDEZ, as special adm'r for the estate of Ted W. Hernandez, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 16 C 8875 |
| CITY OF CHICAGO, OFFICER ROBERT GOINS, and UNKNOWN CHICAGO POLICE OFFICERS, ) ) ) ) | |
| Defendants. ) | |

## ORDER ON DEFENDANT CITY OF CHICAGO'S MOTION TO DISMISS

In December 2007, Ted Hernandez was shot and killed by Chicago police officers in what the plaintiff, the representative of his estate, says was an unjustified shooting. In January 2008, plaintiff filed suit against the City of Chicago and then-unknown police officers, asserting state law claims of battery, wrongful death, and willful and wanton conduct arising from the shooting. Plaintiff named the City on a theory of respondeat superior. The case remained pending in state court until March 2013, when plaintiff voluntarily dismissed the case with leave to refile it. Plaintiff refiled suit in state court in February 2014, asserting the same or similar claims against the City, one named police officer, and other unknown officers. In August 2016, plaintiff amended her complaint to include a claim under 42 U.S.C. § 1983 against the City and (it appears) the named and unnamed officers. The claim against the City is premised on *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

The City has moved to dismiss the *Monell* claim. It argues that the claim is time-barred and that plaintiff has not alleged sufficient facts to state a claim.

The parties agree that a two year limitations period applies to the *Monell* claim and that question of timeliness turns on whether the claim relates back to the original complaint filed in January 2008. That, in turn, depends on whether the *Monell* claim arises "out of the conduct, transaction, or occurrence set out" in the 2008 complaint.

Fed. R. Civ. P. 15(c)(1)(B). The City says that the underlying basis of its liability is what matters and that the 2008 complaint said nothing about any policies or practices of the City, which is a necessary element of a *Monell* claim. But both the original claims and the *Monell* claim arise out of the December 2007 shooting of Hernandez. Plaintiff says that is the relevant "conduct, transaction, or occurrence" for purposes of Rule 15(c)(1)(B).

There is no binding authority on this issue, and neither side has cited any cases bearing on this particular situation. "The criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that [the defendant] shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006). "[T]here would be relation back if the two complaints referred to the same general set of facts though the amended one alleged a different cause of action and legal theory from the amended complaint." *Id.* (internal quotation marks omitted). An amendment relates back if it "alleges events close in time and subject matter to those previously alleged, and if they led to the same injury." *In re Safeco Ins. Co. of Am.*, 585 F.3d 326, 331 (7th Cir. 2009). In *Armour v. Country Club Hills*, No. 11 C 5029, 2014 WL 63850 (N.D. Ill. Jan. 8, 2014), Judge Joan Gottschall dealt with essentially the same situation at issue here and determined that a *Monell* claim related back to an earlier complaint that named a municipality on a theory of respondeat superior (and as an indemnitor under state law, a basis essentially parallel to respondeat superior liability). Judge Gottschall, relying on several other district court decisions, found that the *Monell* claim related back because it arose from the same underlying constitutional wrong and involved the same injury as the earlier claims. This Court agrees and therefore overrules the City's argument that the *Monell* claim is time-barred.

The Court also overrules the City's contention that the *Monell* claim does not include sufficient factual allegations. The amended complaint describes the alleged policies or practices at issue—systematic resort to deadly force when non-deadly force is appropriate, entrusting decision making authority regarding use of force to police dispatchers, and failure to train officers on how to deal with and coordinate in situations

2

in which multiple officers have responded—in a non-conclusory way that is sufficient to put the City on notice to the claimed basis for its liability.  The Court disagrees with the City's contention that plaintiff is attempting to base liability on a single incident.  The complaint does not read that way, particularly when one reads it liberally, as the Court must.

     For these reasons, the Court denies the City's motion to dismiss plaintiff's *Monell* claim(s) and directs the City to answer the claim(s) by no later than December 13, 2016. The case remains set for a status hearing on November 29, 2016 as previously ordered.

Date:  November 28, 2016                 _____
                                                                 MATTHEW F. KENNELLY
                                                                 United States District Judge